IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cr. No. 06-107 (GK) |
| ) | |
| DEWAYNE JACKSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

MOTION TO SUPPRESS EVIDENCE
AND INCORPORATED MEMORANDUM IN SUPPORT AND
REQUEST FOR EVIDENTIARY HEARING

Defendant, Dewayne Jackson, through undersigned counsel, respectfully moves this Honorable Court to suppress as evidence against him at trial all evidence seized by law enforcement agents as the fruit of an illegal stop, search, and arrest. This motion is made pursuant to Fed. R. Crim. P. 12(b)(3), and is supported by the discussion below. An evidentiary hearing on this motion is respectfully requested.

STATEMENT OF FACTS[1]

Mr. Jackson is charged, in a one-count indictment, with Unlawful Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1).

According to Metropolitan Police Department (hereinafter, "MPD") reports, on March 30, 2006, at approximately 3:45 p.m., Officer Forester received information that a certain Leonard Short, who was wanted on several warrants, was sitting on the steps in front of 1418 1st

---

[1] This statement of the facts is a summary based police reports provided by the government in this case. By including in this motion the facts as alleged by government witnesses, Mr. Jackson does not in any way concede that these facts are accurate or true.

Street, SW, and was in possession of crack cocaine. The source also indicated that, should the subject run, he would run into apartment 11 or apartment 12. When members of the MPD's Focus Mission Team responded to the area, several subjects allegedly ran into 1418 1st Street, SW. While three officers reported to the rear of the building, one officer allegedly knocked on the door to apartment 11. A female allegedly opened the door and, at the request of the officer, walked back into the apartment and asked her boyfriend to talk to the police. At that point, one of the officers covering the rear of the building allegedly observed Mr. Jackson jumping from a window. A gun was allegedly found on the ground where Mr. Jackson landed.

**ARGUMENT**

### I.   THE PHYSICAL EVIDENCE MUST BE SUPPRESSED AS THE TAINTED FRUIT OF MR. JACKSON'S ILLEGAL STOP.

The Fourth Amendment of the United States Constitution requires that all searches and seizures, including searches and seizures of the person, be "reasonable." Vernonia School District 47J v. Acton, 515 U.S. 646 (1995). In order for warrantless searches and seizures to be "reasonable," they must be supported by a limited exception to the warrant requirement, such as probable cause. New Jersey v. T.L.O., 469 U.S. 325, 341-42 (1985). In the instant case, the stop and arrest of Mr. Jackson not only were conducted without a warrant, but were not based on any other legitimate exception to the warrant requirement. Mr. Jackson's stop, search, and seizure by the law enforcement officers were therefore unreasonable. Exclusion of any evidence recovered as a result of this Fourth Amendment violation is the appropriate remedy. Wong Sun v. United States, 371 U.S. 471 (1963).

A seizure occurs in one of two circumstances: (1) officers apply physical force to the

individual, and/or (2) the individual submits to a show of authority by law enforcement officers. California v. Hodari D, 499 U.S. 621, 626 (1991). In order to seize an individual, officers must have either (1) probable cause to arrest the individual, see Michigan v. DeFillipo, 443 U.S. 31, 36 (1979), or (2) reasonable suspicion to conduct an investigatory stop, see Terry v. Ohio, 392 U.S. 1, 20-27 (1968).

Officers can conduct an arrest when there exist "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." DeFillipo, 443 U.S. at 37. Officers can conduct an investigatory stop when they have reasonable suspicion, based upon articulable facts, that criminal activity "'may be afoot.'" United States v. Sokolow, 490 U.S. 1, 7 (1989) (citing Terry, 392 U.S. at 30). The government bears the burden of adducing sworn testimony sufficient to satisfy this Court that the facts and circumstances known to the seizing officers at the time they stopped Mr. Jackson justified that seizure. See Florida v. Royer, 460 U.S. 491, 500 (1983); United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980)

In this case, evidence adduced at an evidentiary hearing will establish that Mr. Jackson's stop and seizure were unlawful and that there was no probable cause to support his arrest. The government will not be able to adduce sufficient sworn testimony to demonstrate that the MPD officers possessed the requisite probable cause or reasonable suspicion to stop Mr. Jackson when they did. Specifically, the officers had no reason to enter apartment 11 of 1418 1st Street, SW, given that they had no search warrant and that they never saw the individual for whom they had an arrest warrant enter the premises. The government bears the burden at a hearing of showing that officers had the right to be present where they were and did not forcibly cause Mr. Jackson to

abandon the firearm – either by the application of physical force, however temporary, or during a period of submission to a show of authority, however temporary. Because the firearm was recovered after Mr. Jackson was illegally seized, the physical evidence must be suppressed as the tainted fruit of the illegal seizure. Wong Sun, 371 U.S. 471 (1963).

## CONCLUSION

For the foregoing reasons, and any other reasons that the Court may deem just and reasonable, Mr. Jackson requests that the Court suppress any evidence obtained by the officers as a result of his illegal arrest. Mr. Jackson respectfully requests an evidentiary hearing on this motion.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
Lara G. Quint
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C. 20004
(202) 208-7500

## CERTIFICATE OF SERVICE

I, Lara Gabrielle Quint, Assistant Federal Public Defender, hereby certify that a copy of the motion has been electronically served upon Wendy Short, Esquire, Assistant United States Attorney.

/s/
_____
Lara G. Quint