## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Cr. No. 06-107 (GK) |
| v. | ) | |
| | ) | |
| DEWAYNE JACKSON | ) | |
| | ) | |

## DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO IMPEACH DEFENDANT WITH PRIOR CONVICTIONS PURSUANT TO RULE 609

Defendant, Dewayne Jackson, through undersigned counsel, respectfully moves this

Honorable Court, pursuant to Federal Rule of Evidence 609, to exclude the use of prior

convictions to impeach Mr. Jackson should he chose to testify at trial.

## STATEMENT OF FACTS[1]

Mr. Jackson is charged, in a one-count indictment, with Unlawful Possession of a Firearm

and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for Term

Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

According to Metropolitan Police Department (hereinafter, "MPD") reports, on March

30, 2006, at approximately 3:45 p.m., Officer Forester received information that a certain

Leonard Short, who was wanted on several warrants, was sitting on the steps in front of 1418 1st

Street, SW, and was in possession of crack cocaine. The source also indicated that, should the

subject run, he would run into apartment 11 or apartment 12. When members of the MPD's

---

[1]This statement of the facts is a summary based police reports provided by the government in this case. By including in this motion the facts as alleged by government witnesses, Mr. Jackson does not in any way concede that these facts are accurate or true.

Focus Mission Team responded to the area, several subjects allegedly ran into 1418 1st Street,

SW.  While three officers reported to the rear of the building, one officer allegedly knocked on

the door to apartment 11. A female allegedly opened the door and, at the request of the officer,

walked back into the apartment and asked her boyfriend to talk to the police. At that point, one of

the officers covering the rear of the building allegedly observed Mr. Jackson jumping from a

window. A gun was allegedly found on the ground where Mr. Jackson landed.

### ARGUMENT

Although Fed. R. Evid. 609(a)(1) permits the use of prior felony convictions, such

convictions may be used to impeach a defendant only if the probative value of the conviction

outweighs the prejudicial effect to the accused.  Notably, Rule 609, unlike Fed. R. Evid. 403,

does not require that the prejudicial effect substantially outweigh the probative value of the

evidence but, rather, that the probative value of the conviction outweigh the prejudicial effect.

In this case, the government has failed to show that there are specific circumstances

demonstrating that the probative value of the proffered offenses outweighs the inevitable

prejudicial impact.  See United States v. Lipscomb, 702 F.2d 1049, 1063 ("When the defendant

is impeached by a prior conviction, the question of prejudice, as Congress well knew, is not if,

but how much."). The government presents no specific facts or reasons suggesting that these

convictions are particularly probative of truthfulness in the instant case.  The government has

presented no evidence that the jurors who voted to convict Mr. Jackson following his trial over

ten years ago disbelieved Mr. Jackson or found his testimony incredible. Likewise, the

government has failed to show that, when Mr. Jackson pled guilty to two of the six offenses with

which he was originally charged, he lied under oath. While the government seems to suggest that the evidence of such is incontrovertible, there is no indication that the government ever attempted to bring perjury charges against Mr. Jackson. Asking the Court to assume that, because a majority of jurors voted to convict Mr. Jackson, those jurors must have disbelieved him is tantamount to asking a court to assume that jurors find law enforcement officers' testimony incredible each and every time they vote to acquit a defendant. Without providing the evidence necessary, the government is asking this Court to make a substantial leap of logic.

All felonies have some probative value as to credibility, see Lipscomb, 702 F.2d at 1063 n.54, but this proposition is simply a starting point.  Whatever probative value the defendant's prior conviction might have stems only from the generic inference that commission of a felony – any felony – demonstrates a conscious disregard for the law.  Id. at 1071.  The generic inference that an individual who has committed a felony offense is more likely to break the law is weak at best;  the specific inference that such an individual will break the law by consciously disregarding his oath to tell the truth is even more attenuated.

Informing the jurors of the nature of the prior convictions would significantly prejudice Mr. Jackson because there is a significant risk that the jury may infer from the fact of prior convictions that Mr. Jackson committed the offense at issue in this case.  That prejudice outweighs any probative value that disclosing the nature of the conviction would provide.

CONCLUSION

For the foregoing reasons, Mr. Jackson respectfully moves this Honorable Court to exclude the use of the evidence of the prior convictions proffered by the government.

Respectfully submitted,
A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____

LARA G. QUINT
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500