IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Cr. No. 06-107 (GK) |
| v. ) | |
| ) | |
| DEWAYNE JACKSON ) | |
| ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO GOVERNMENT'S MOTION
SEEKING ADMISSION OF RULE 404(B) EVIDENCE**

Defendant, Dewayne Jackson, through undersigned counsel, respectfully submits this memorandum in opposition to the government's motion seeking admission of Rule 404(b) evidence.

**STATEMENT OF FACTS**[1]

Mr. Jackson is charged, in a one-count indictment, with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

According to Metropolitan Police Department (hereinafter, "MPD") reports, on March 30, 2006, at approximately 3:45 p.m., Officer Forester received information that a certain Leonard Short, who was wanted on several warrants, was sitting on the steps in front of 1418 1st Street, SW, and was in possession of crack cocaine. The source also indicated that, should the subject run, he would run into apartment 11 or apartment 12. When members of the MPD's

---

[1] This statement of the facts is a summary based police reports provided by the government in this case. By including in this motion the facts as alleged by government witnesses, Mr. Jackson does not in any way concede that these facts are accurate or true.

Focus Mission Team responded to the area, several subjects allegedly ran into 1418 1st Street, SW. While three officers reported to the rear of the building, one officer allegedly knocked on the door to apartment 11. A female allegedly opened the door and, at the request of the officer, walked back into the apartment and asked her boyfriend to talk to the police. At that point, one of the officers covering the rear of the building allegedly observed Mr. Jackson jumping from a window. A gun was allegedly found on the ground where Mr. Jackson landed.

**ARGUMENT**

I. <u>The Proffered Evidence Is Inadmissible Evidence of Other Crimes under Federal Rule of Evidence 404(b)</u>.

In order for evidence of a prior bad act to be admissible, it must be both reliable and probative of a material issue other than character. <u>See</u> <u>United States v. Rawle</u>, 845 F.2d 1244, 1247 (4th Cir. 1988); <u>see also</u> Fed. R. Evid. 404(b); <u>United States v. Gaviria</u>, 116 F.3d 1498, 1532 (D.C. Cir. 1997) (citing <u>United States v. Clarke</u>, 24 F.3d 257, 264 (D.C. Cir. 1994)). To be probative of a material issue, a prior bad act must speak to an essential element of the charged offense or furnish part of the context for the alleged crime. <u>See</u> <u>Rawle</u>, 845 F.2d at 1247 n.4. The government bears the burden of demonstrating the relevance of the "prior bad acts" it seeks to have admitted. <u>See</u> <u>United States v. Hudson</u>, 843 F.2d 1062, 1066 (7th Cir. 1988); <u>cert. denied</u> 496 U.S. 939, 110 S. Ct. 3221; <u>United States v. Hogue</u>, 827 F.2d 660, 662 (10th Cir. 1987). The evidence at issue here is not admissible pursuant to Rule 404(b), because it is both unreliable and irrelevant to any material issue other than propensity.

The evidence proposed in this case is not necessary to prove any relevant material issue. The government maintains that it seeks to do nothing more in this case than "to prove

knowledge, intent, and absence of mistake or accident." The government seeks admission of the alleged prior possession to prove that Mr. Jackson acted intentionally and did not mistakenly or accidentally possess the firearm seized on March 30, 2006. Because the only issue before the jury will be whether Mr. Jackson possessed the firearm at all, the government's proffered reasons for introducing other crimes evidence are not probative of any material issue. At bottom, it appears that the government's only purpose for introducing evidence of a prior firearm possession is to show that Mr. Jackson has the propensity to possess a firearm. This is the very purpose for which such evidence may not be admitted. See, e.g., Huddleston v. United States, 485 U.S. 681 (1988)(holding other crimes evidence is not admissible to show bad character and action in conformity therewith); United States v. Rhodes, 886 F.2d 375 (D.C. Cir. 1989); United States v. Hernandez, 780 F.2d 113 (D.C. Cir. 1986); United States v. Foskey, 636 F.2d 517 (1980); United States v. Shelton, 628 F.2d 54 (1980). Were Mr. Jackson to open the door to such evidence–by testifying, for instance, that he knows nothing about guns or how to obtain them–the government might be able to introduce evidence concerning an alleged prior possession. Unless the defense opens such doors, however, evidence surrounding Mr. Jackson's alleged prior possession is simply irrelevant.

II.     The Court Should Exclude the Evidence Pursuant to Federal Rule of Evidence 403 Because the Evidence Is More Prejudicial than Probative.

Even if reliable and probative of a material issue, evidence of "prior bad acts" is nevertheless inadmissible if the probative value of the evidence is substantially outweighed by its likely prejudicial impact. Fed. R. Evid. 403; Gaviria, 116 F.3d at 1532 (citing Clarke, 24 F.3d at 264). Because of the potential for prejudice, "evidence indicating the accused's commission of

an offense not on trial . . . is generally to be excluded." United States v. Anderson, 509 F.2d 312, 328 (D.C. Cir. 1974) (quoting Robinson v. United States, 459 F.2d 847, 856 (D.C. Cir. 1972)).

The weak probative value of the alleged prior bad act stands in sharp contrast to the severe prejudicial impact that introduction of the evidence would have on the jury in this case. Even with a limiting instruction, jurors would have a difficult time resisting the natural human impulse to make the impermissible inference that someone who has previously broken the law or possessed a gun is more likely to break the law or possess a gun on a subsequent occasion – the very inference that Fed. R. Evid. 404(b) was intended to prevent.

## CONCLUSION

For the reasons set forth above, and for any other reasons that the Court may deem just and proper, Mr. Jackson requests the Court to deny the government's request to introduce evidence of the 1990 possession of a handgun.

                      Respectfully submitted,
                      A.J. KRAMER
                      FEDERAL PUBLIC DEFENDER

                      _____
                      LARA G. QUINT
                      Assistant Federal Public Defender
                      625 Indiana Avenue, N.W., Suite 550
                      Washington, D.C. 20004
                      (202) 208-7500