```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

**UNITED STATES OF AMERICA**    )
                                )  No. 1:06-cr-107-GK
     v.                        )
                                )
**DEWAYNE A. JACKSON**           )

Government's Opposition To Defendant's Motion To Reconsider Motion To Suppress Evidence, With Memorandum Of Points And <u>Authorities</u>

    The United States of America, by and through the United States Attorney for the District of Columbia, hereby opposes defendant Dewayne A. Jackson's recent motion to reconsider this Court's ruling denying his motion to suppress evidence. In the motion to reconsider, the defendant, for the first time, argues that a police officer's forced entry into the outer doorway of a multi-unit apartment building provides grounds to suppress a loaded firearm subsequently recovered on the ground outside the building. The motion to reconsider should be denied.

<u>Background</u>

    Defendant Jackson has been charged in a one-count indictment with being a felon in possession of a firearm and ammunition, on or about March 30, 2006, in violation of 18 U.S.C. § 922(g). The charges are based the recovery on that date of a .45 caliber Colt pistol, loaded with four rounds, on the ground behind 1418 First Street, S.W., a multi-unit apartment building. The firearm was recovered after it fell from the defendant's person, as the

defendant was climbing out a rear window of one of the apartments, specifically apartment 11.

On May 5, 2006, the defendant was arraigned on the indictment and pled not guilty.

On May 18, 2006, at a status hearing, a motions schedule was set, with motions due on May 26, 2006, oppositions due on June 6, 2006, and any replies due on June 9, 2006.  A motions hearing date was set for June 12, 2006.

On May 26, 2006, the defendant filed a motion to suppress evidence, in which he argued that the firearm and ammunition should be suppressed as it was the result of an unlawful seizure of the defendant.  The defendant further argued that the police had no reason to enter apartment 11 of 1418 First Street, S.W. The government filed a timely opposition on June 5, 2006.  No reply by the defendant was filed.

On June 12, 2006, a hearing on the motion was held.  In her argument on the motion, counsel for the defendant suggested that entry by the police <u>into the apartment</u> may have preceded and thereby caused the defendant to flee with the gun out the window, and that since the there was no search warrant for the apartment nor an arrest warrant for the defendant, the evidence should be suppressed.  Counsel made no mention, directly or indirectly, of the forced entry by the police into the apartment building itself.

At the conclusion of the hearing, the Court denied the motion.

Without seeking leave of Court, and without providing any explanation as to why the argument was not raised earlier, on October 6, 2006, the last business date before the current trial date of October 10, 2006,[1] the defendant filed a motion to reconsider.

Argument

1. The Motion To Reconsider Is Untimely.

Rule 12 of the Federal Rules of Criminal Procedure provides that the Court may "set a deadline" for the parties to make pretrial motions.  Fed. R. Cr. P. 12©.  In this case, that deadline was May 26, 2006.  While the federal criminal rules, as well as this Court's local rules, are silent on the timing of a motion by an accused to reconsider a pretrial ruling, Judge Roberts of this Court recently addressed a closely analogous issue in United States v. Watson, 391 F. Supp. 2d 89 (D.D.C. 2005).

In Watson, the defendant, charged with weapons and narcotics offenses, moved to "reopen" a suppression hearing following an evidentiary hearing and an adverse ruling on his motion to

---

[1] The original trial date in this case was September 18, 2006.  On September 15, 2006, the Court granted the defendant's unopposed motion for a continuance, due to defense counsel's illness.

suppress physical evidence.  The original hearing had taken place on January 21, 2005.  Although the Court's September 7, 2005, opinion on the motion to reopen states only that the defendant has "now" moved to reopen, the docket sheet for the case indicates that the defense motion to reopen was filed on April 29, 2005.

Judge Roberts examined the various standards in the caselaw under which such a motion should be considered and found that the defendant fell short of all of them.  In particular, Judge Roberts found that the "[d]efendant has presented no evidence that is new or was unobtainable before the original suppression hearing was held, nor has defendant articulated any new issues that have become relevant since the original ruling."  Id. at 94.

Similarly, in this case, the defendant cites no new evidence to support his motion to reconsider.  In fact, he relies entirely on the testimony elicited at the June 12 hearing, and this Court's ruling on that date.  Nor is there any new precedent cited in defendant's motion to reconsider.  As Judge Roberts held in Watson, this Court should conclude that there is nothing to suggest that giving the defendant a "second bite at the apple" is in the interests of justice.  Id. at 95.

> 2. The Forced Entry Into The Outer Door Of The Apartment Building Did Not Violate The Fourth Amendment, Because The Defendant Did Not Have A Reasonable Expectation Of Privacy In The Common Areas Of The Building.

Even if the Court reaches the merits of defendant's motion to reconsider, it should be denied. In the view of the government, this issue is controlled by United States v. Anderson, 175 U.S. App. D.C. 75, 533 F.2d 1210 (1976), where the Court of Appeals held that the defendant had no constitutionally protected reasonable expectation of privacy in the corridors of the eight-unit rooming house in which he lived. Id. at 79, 533 F.2d at 1214. Although the defendant relies on United States v. Drummond, 98 F. Supp. 2d 44 (D.D.C. 2000), in which Judge Roberts distinguished Anderson, the building in Drummond contained only two apartments--one in which the defendants resided and a vacant one. 98 F. Supp. 2d at 46, 50. The building in this case contained four, at least two of which were occupied.

Moreover, while the Sixth Circuit has indeed held that a resident of an apartment in a multi-unit apartment building has a recognized privacy interest in the common areas of the building, see United States v. Heath, 259 F.3d 522, 533-34 (6th Cir. 2001), nearly all other federal courts to consider the issue at the appellate level have concluded otherwise. See United States v. Mendoza, 281 F.3d 712, 715-16 (8th Cir. 2002); United States v. Hawkins, 139 F.3d 29, 32-33 (1st Cir. 1998); United States v. Acosta, 965 F.2d 1248, 1251-52 (3d Cir. 1992); United States v. Concepcion, 942 F.2d 1170, 1171 (7th Cir. 1991); United States v. Holland, 755 F.2d 253, 255 (2d Cir.), cert. denied, 471 U.S. 1125

(1985). As for the Ninth Circuit, while the Court of Appeals for that circuit, in a case decided in 1976, did follow Sixth Circuit precedent and suppress evidence seized after police officers broke through an outer door of a two-apartment building, <u>United States v. Fluker</u>, 543 F.2d 709, 714-17 (9th Cir. 1976), that case was distinguished in <u>United States v. Nohara</u>, 3 F.3d 1239 (9th Cir. 1993). In <u>Nohara</u>, the court found <u>Fluker</u> not controlling, and held that the defendant had no reasonable expectation of privacy in the hallway outside his apartment, in a building with 27 stories and seven apartments on each floor. 3 F.3d at ____.

Finally, even if a <u>resident</u> of 1418 First Street, S.W., might have had a reasonable expectation of privacy in the common areas of the building, there is no evidence in the record, and none proffered in the defendant's motion to reconsider, that the defendant was a resident of the building. Indeed, the arrest paperwork for this case--which has been provided to the defense-- indicates a residence address for the defendant in Bethesda. The defendant's only connection to the building at issue in this case is that he was sitting outside it on the day of the offense, ran inside it when he saw the police, and then climbed out one of its windows several minutes later.

<u>Conclusion</u>

Defendant's motion to reconsider should be denied.

```
              Respectfully submitted,

              JEFFREY A. TAYLOR
              United States Attorney


       by:    _____
              Michael C. Liebman
              Assistant United States Attorney
              D.C. Bar No. 479562
              555 Fourth Street, N.W., room 4231
              Washington, D.C.  20530
              353-2385
              michael.liebman@usdoj.gov
```